IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDALL L. MERRIWEATHER, #R-10138, )<br>)<br>    Plaintiff,    )<br>)<br>v.    )<br>)<br>DONALD N. SNYDER, et al.,    )<br>)<br>    Defendant.    )<br>)<br>) | Case No. 02-cv-1237-JPG |

**ORDER**

This matter is before the Court on the Motion for Appointment of Counsel (Doc. 35) filed by the plaintiff, Kendall L. Merriweather, on January 31, 2005. The Motion is **GRANTED**.

There is no constitutional or statutory right to counsel by a civil litigant. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). Discretion, however, is granted to the Court by 28 U.S.C. § 1915(e)(1). Under *Special Order No. 13, Order Amending Local Rule 1(f)*, as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent. In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights" Id at 431. The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel. Those

factors are  (1)whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of  the legal issues raised by the complaint. See  Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).  More recently, the 7th Circuit has stated the inquiry is a simpler one than stated in Maclin.   "[t]he necessary inquiry is . . . given the difficulty of the case, did the plaintiff appear to be competent to try it himself, and if not,  would the presence of counsel have made a difference in the outcome?"  Farmer v. Hass, 990 F.2d 319, 322 (7th Cir. 1993).

Merriweather states in his motion that over the past three years he has written to twenty different law firms seeking representation.  He attached five responses from attorneys declining to represent him.  One attorney did request a copy of his medical records.  The Court finds that Merriweather has met the threshold burden set forth in Zarnes.

The majority of Merriweather's complaint  passed the 28 U.S.C.§ 1915A screening. Therefore, it appears that his claims are colorable.  Merriweather  states in his motion that he was "placed in learning disability classes when he attended school" because he "was born mentally slow" and was born with and continues to have speech problems.  He asserts that he did not complete high school,  has been incarcerated since he was 18,  and is presently 24 years old. Additionally,  his complaint alleges both physical and mental anguish at the hands of prison officials.   He asserts that other individuals in the prison have been handling his litigation thus far but they are no longer available to assist him.

Based on Merriweather's assertions, it appears that he may be unable to investigate

crucial facts, or present his case. It also appears that the truth would more likely be exposed if he were represented by counsel. The complexity of the legal issues raised by the complaint may be determined after investigation. Therefore, the Motion for Appointment of Counsel (Doc. 35) is **GRANTED**.

However, the Court finds the Motion for Appointment of Counsel in this case to be a close call based on Merriweather's bare assertion of his learning disability and speech problems. In addition, his pleadings appear to be well written, though Merriweather represents that they were drafted by other people who can no longer assist him.

Therefore, it is further **ORDERED** that Christopher J. Lawhorn, Bryan Cave- St. Louis, One Metropolitan Square, Suite 3600, St. Louis, MO 63102, is appointed to represent the plaintiff, Kendall Merriweather, in this cause of action. Mr. Lawhorn may seek leave to withdraw in one month should he decide that the provisions of Fed. Rule of Civ. Procedure 11(b)(2) and (3) apply.

**DATED: April 27, 2005.**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**
